UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MALIBU BOATS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-276-TAV-HBG |
| | ) | |
| MASTERCRAFT BOAT COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Defendant's Contingent Motion to Extend Claim Construction Deadlines and Modify the Dispositive Motion Deadline [Doc. 68]. In the Defendant's Contingent Motion [Doc. 68], it requests the following relief: (1) the July 11, 2016 deadline, for complying with N.D. Cal. Patent L.R. 4-3 be extended until three weeks after Plaintiff serves its supplemental responses; (2) all other deadlines for subsequent claim construction events be extended by a commensurate amount of time; and (3) an extension of the dispositive motion deadline. The Plaintiff filed a Response [Doc. 73] objecting to the requested relief.

The Defendant asserts that both parties agreed that they would supplement their responses to disclose their rebuttal contentions within a reasonable time after the other side disclosed its contentions. The Defendant asserts that while validity contentions are not normally part of the Court's claim construction analysis, they are vital to the parties in identifying which claim terms are actually in dispute and formulating their proposed constructions. The Defendant

asserts that proceeding would be inefficient because the Plaintiff's validity contentions will inevitably reveal additional claim construction disputes that are not yet apparent.

The Plaintiff argues that the parties agreed to follow the claim construction procedures in the Northern District of California's Patent Local Rules, which do not require the Plaintiff to disclose its validity contentions. In addition, the Plaintiff asserts that during the claim construction hearing, the Court will consider the meaning of the claim terms in light of how those terms are used in the context of the patent, and the hearing does not depend on the patentee's validity contentions. Finally, the Plaintiff states that the Defendant inexcusably delayed in seeking an extension of claim construction deadlines. The Defendant filed a Reply [Doc. 75] stating that it did not delay in seeking extensions.

From the parties' filings, it appears that Plaintiff will supplement its responses to discovery by providing its validity contentions on July 29, 2016. The Court finds that the Plaintiff's validity contentions may help the parties identify the claim terms in dispute. Moreover, the Defendant requested such discovery well before the deadline to file a joint claim construction and prehearing statement. Accordingly, the Court finds the Defendant's motion well-taken, in part. The deadlines contained in Doc. 47 are modified as follows:

1. The parties shall file a joint claim construction and prehearing statement on or before **August 19, 2016**.

2. The parties shall complete all discovery relating to claim construction on or before **September 18, 2016**.

3. The Plaintiff shall file its claim construction brief on or before **October 3, 2016**.

4. The Defendant shall file its responsive brief on or before **October 17, 2016**.

5. The Plaintiff shall file a reply brief on or before **October 24, 2016**.

The Court will reset the claims construction hearing at a later date. The Court declines to move the dispositive deadline at this time, but the parties may file motions requesting relief from the deadline at a later date. Accordingly, the Defendant's Contingent Motion to Extend Claim Construction Deadlines and Modify the Dispositive Motion Deadline [**Doc. 68**] is **GRANTED IN PART AND DENIED IN PART.**

**IT IS SO ORDERED.**

ENTER:

_Bruce Guyton_
United States Magistrate Judge