UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MALIBU BOATS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-276-TAV-HBG |
| | ) | |
| MASTERCRAFT BOAT COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Mastercraft's Emergency Motion to Further Extend Claim Construction Deadlines, and Support Memorandum [Doc. 78]. The Defendant requests that the Court extend the August 19, 2016 deadline for filing a joint claim construction and prehearing statement ("JCCS") until September 6, 2016, and to extend all subsequent construction deadlines by a commensurate amount of time. The Defendant asserts that the deadlines were previously extended due to Plaintiff's delay in providing its validity contentions. The Plaintiff was supposed to submit its validity contentions on July 29, 2016, but the Defendant asserts that the validity contentions were wholly inadequate. The Plaintiff has agreed to supplement its validity contentions by August 15, 2016. The Defendant argues that it does not have sufficient time to analyze the supplemental discovery responses before the JCCS is due. Finally, the Defendant argues that the Plaintiff will not be prejudiced by extending the deadlines and that the extension should not delay the trial.

The Plaintiff filed a Response [Doc. 79] objecting to the requested relief. The Plaintiff argues that the Defendant has not sought to add any claim terms to the parties' previously exchanged list and that the Defendant has not identified one term that might require construction. The Plaintiff argues that the Defendant has failed to demonstrate good cause for a further extension of the claim construction schedule. The Plaintiff asserts that the validity contentions submitted on July 29 were sufficient and that it only agreed to serve supplemental responses to avoid further disputes. The Plaintiff asserts that its supplemental interrogatory responses are unlikely to raise additional claim construction issues. Finally, the Plaintiff proposes that any new claim construction issue can be accommodated within the existing claim construction schedule.

The Defendant filed a Reply [Doc. 80] stating that it received the supplemental discovery responses shortly after 10:00 p.m. on August 15, 2016. The Defendant argues that Plaintiff's previous validity contentions leave the Defendant guessing as to what claims are in dispute. The Defendant submits that "a quick review of the contentions shows that at least the terms 'controlled' and 'safety features' appear to be in dispute and likely will have to be construed by the Court unless the parties are able to agree on constructions." The Defendant argues that the Plaintiff's latest contentions reveal "new twists" with respect to the terms the parties have previously identified. The Defendant asserts that it needs additional time to consider whether to make any adjustments to its own proposed construction of certain terms.

The Court has considered the parties' positions and the history of this case. In the Court's previous Order, the Court found that the validity contentions may help the parties identify the claim terms in dispute, and the Court extended the deadlines. [Doc. 77]. The Plaintiff sent discovery responses to the Defendant on July 29 but supplemented that discovery on August 15, 2016. The JCCS is currently due on August 19, 2016, which does not provide the Defendant

sufficient time to review Plaintiff's discovery responses. Moreover, the Defendant has provided the Court with specific terms that may be in dispute given the Plaintiff's validity contentions. Accordingly, the Court finds good cause to grant the Defendant's request, and the Emergency Motion to Further Extend Claim Construction Deadlines, and Support Memorandum [**Doc. 78**] is **GRANTED**. The Court further **ORDERS** that the deadlines contained in Doc. 47 be modified as follows:

1. The parties shall file a joint claim construction and prehearing statement on or before **September 6, 2016;**

2. The parties shall complete all discovery relating to claim construction on or before **October 6, 2016**.

3. The Plaintiff shall file its claim construction brief on or before **October 21, 2016**.

4. The Defendant shall file its responsive brief on or before **November 4, 2016**.

5. The Plaintiff shall file a reply brief on or before **November 11, 2016**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge