UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MALIBU BOATS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-276-TAV-HBG |
| | ) | |
| MASTERCRAFT BOAT COMPANY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and referral Order of the District Judge [Doc. 71].

Now before the Court is Mastercraft's Motion to Stay Case Pending *Inter Partes* Review [Doc. 48]. The Plaintiff filed a Response [Doc. 56] objecting to the requested relief, and the Defendant replied [Doc. 59]. The Plaintiff also filed a Sur-Reply [Doc. 63], which this Court has also considered. The Motion has been fully briefed and is ready for disposition. For the reasons more fully explained below, the Court finds the Motion to Stay not well-taken, and it is **DENIED**.

**I.     BACKGROUND**

On June 29, 2015, the Plaintiff filed a Complaint alleging that the Defendant infringed Plaintiff's United States Patent No. 8,578,873 (hereinafter, "'873 Patent"). The Plaintiff avers that Defendant's Gen 2 Surf System and/or NXT Surf System infringes upon the '873 Patent.

On December 12, 2015, the Court issued a Scheduling Order setting the trial for May 1, 2017. [Doc. 40]. Subsequently, on March 1, 2016, the Court granted the parties' request to amend the Scheduling Order to include additional deadlines consistent with the Northern District

of California's Patent Local Rules. [Doc. 47]. Later, on August 8, 2016, the Court extended the deadlines contained in Doc. 47. [Doc. 77]. On August 18, 2016, the Court granted another extension. [Doc. 81].

With respect to the instant matter, the Defendant asserts that on May 17, 2016, it filed two petitions for *inter partes* review ("IPR Petitions") with the U.S. Patent and Trademark Office ("PTO"). Defendant's IPR Petitions challenge every claim of the '873 Patent that the Plaintiff has asserted against Defendant. The Defendant requests that the Court stay the litigation pending disposition of its IPR Petitions by the PTO.

## II. POSITIONS OF THE PARTIES

In support of its Motion, the Defendant argues [Doc. 49] that *inter partes* review ("IPR") is highly likely and that a stay now would save the parties and the Court time, effort, and expense over the next few months. In addition, the Defendant asserts that staying the case would not cause the Plaintiff undue prejudice or tactical disadvantage. Furthermore, the Defendant avers that a stay would simplify the issues in this case, if not dispose of the case entirely. Finally, the Defendant argues that the early stage of litigation supports staying the case.

The Plaintiff responds [Doc. 56] that the Motion should be denied as premature because the PTO has not instituted IPR. In addition, the Plaintiff asserts that the factors the Court should consider weigh against staying this case. The Plaintiff argues that the case has substantially progressed and that the Defendant cannot show that a stay would simplify the issues. The Plaintiff also argues that a stay will cause it undue prejudice and tactical disadvantage.

The Defendant filed a Reply [Doc. 59] asserting that its Motion is not premature. In addition, the Defendant asserts that in order to ensure simplification of the issues, it will "agree not to challenge validity in this case based on any of the unpatentability grounds set forth in the

2

petitions if the Court grants a pre-institution stay, no matter what the outcome of the petitions." [Doc. 59]. Furthermore, the Defendant repeats that the case is in its early stages and that a stay would not cause the Plaintiff undue prejudice or tactical disadvantage.

The Plaintiff filed a Sur-Reply [Doc. 63] arguing that there is a significant chance that the PTO will decline to institute IPR review on all claims of the '873 Patent. The Plaintiff argues that the Defendant's offer to forgo challenging validity in this case based on the unpatentability grounds set forth in the IPR Petitions will not streamline the litigation because the Defendant would still retain dozens of other invalidity arguments and other defenses.

## III. ANALYSIS

It is well-established that the court may exercise its "inherent [power] to control the disposition of the cases on its docket." Proctor & Gamble Co. v. Team Techs., Inc., No. 1:12-cv-552, 2013 WL 4830950, at *1 (S.D. Ohio Sept. 10, 2013) (quoting Landis v. North American Co., 299 U.S. 248, 254 (1936)) (brackets in Proctor & Gamble). "[T]his authority extends to patent cases in which a review by the PTO has been requested." Id. (citing Ethicon, Inc., v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Courts are not required to stay proceedings pending reexamination. Id. Moreover, the Sixth Circuit has stated "that a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." Id. (quoting Ohio Environmental Council v. United States District Court, 565 F.2d 393, 396 (6th Cir. 1977)). "[A] stay is justified when the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." Id. (quoting Lincoln Elec. Co. v. Miller Elec. Mfg. Co., No. 1:06-CV-02981, 2007 WL 2670039, at *1 (N.D. Ohio Sept.7, 2007) (internal quotation omitted) (brackets added).

3

Courts generally weigh three factors when analyzing whether to stay a patent action pending PTO reexamination proceedings: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. Id. at *2. The above-factors are not controlling, and the "decision should be based upon the totality of the circumstances." Id.

With the above analysis in mind, the Court will analyze the three factors along with the totality of the circumstances in this case.

### A. Prejudice to the Nonmoving Party

The Defendant argues that staying the case will not prejudice the Plaintiff. The Defendant admits that it "absolutely" competes with the Plaintiff, but it asserts that the parties have been competing for over two-and-a-half years and that the Plaintiff "is doing fine." Moreover, the Defendant submits that the Plaintiff waited over eighteen months to file this lawsuit, and the Plaintiff did not seek a preliminary injunction. Furthermore, the Defendant asserts that everyone has a surf system and that the Plaintiff has licensed at least two other entities. Finally, the Defendant argues that a stay would not present a tactical disadvantage to the Plaintiff because the Defendant filed its IPR Petitions as quickly as possible.

The Plaintiff responds that the Defendant's continued unauthorized use of the Plaintiff's intellectual property during a lengthy stay would cause it undue prejudice and tactical disadvantage. The Plaintiff asserts that the IPR Petitions, if they proceed, will not be resolved until after the trial in this case. Moreover, the Plaintiff argues that Defendant's contention that there are multiple competitors in the marketplace is an insufficient ground for staying the case. The Plaintiff also asserts that although the Defendant filed its IPR Petitions within the deadline,

4

merely complying with a statutory deadline does not equate to the absence of undue prejudice and tactical disadvantage. With respect to its failure to request a preliminary injunction, the Plaintiff asserts that it is not required to bring such a motion to demonstrate prejudice. Finally, the Plaintiff argues that its timing in filing this lawsuit does not suggest it would not be unduly prejudice by a stay.

In Malibu v. Nautique Boat Company, Inc., the court analyzed a motion to stay in a similar context. No. 3:13-cv-656, 2014 WL 3866155 (E.D. Tenn. Aug. 6, 2014). In Nautique, the court noted that "[c]ourts routinely deny request for stay during the pendency of PTO proceedings where the parties are direct competitors." Id. *2 (quoting Everlight Elec. Co., Ltd v. Nichia Corp., No. 12-cv-11758, 2013 1821512, *8 (E.D. Mich. Apr. 30, 2013)). The court ultimately concluded that "there is a risk of undue prejudice to plaintiff in this case that weighs against the issuance of a stay." Id.

Likewise, in the instant matter, the Court finds that there is a risk of undue prejudice to the Plaintiff that weighs against the issuance of a stay. See id. The Defendant asserts that the parties have been competing for years and that the Plaintiff "is doing just fine," but this statement is insufficient to show that the Plaintiff will not be prejudiced by a stay. The Defendant also argues that the Plaintiff has licensed two entities under the '873 Patent, but the Court notes that with licensing, the Plaintiff is at least collecting royalties from such use. The Defendant argues that the Plaintiff did not file a motion for preliminary injunction, but as noted in Nautique, a plaintiff is not required to bring a motion to demonstrate undue prejudice. Id. Finally, the Defendant argues that the Plaintiff delayed in filing this lawsuit, but the Court finds the Plaintiff's timing does not warrant a stay. Accordingly, the Defendant's arguments are not well-taken.

5

B.  **Simplifying the Issues**

The Defendant argues that its IPR Petitions challenge all the '873 Patent claims that the Plaintiff has alleged Defendant of infringing on the basis of prior art that the PTO did not have before it when it issued the '873 Patent. The Defendant states that should it prevail, this lawsuit will be over. The Defendant asserts that if the IPR is instituted and some claims survive, there is a good chance that at least some claims will be cancelled or amended. In its Reply Brief, the Defendant states that it will "agree not to challenge validity in this case based on any of the unpatentability grounds set forth in the petitions if the Court grants a pre-institution stay, no matter what the outcome of the petitions." The Defendant asserts that in final written decisions, the PTO cancels all instituted claims 72% of the time.

The Plaintiff responds that any claim that the IPR Petitions would render the case moot or simplify the issues is speculative considering the PTO may decline to institute IPR. In addition, the Plaintiff asserts that even if IPR proceedings are initiated, a final IPR written decision is unlikely to invalidate every asserted claim of the '873 Patent. With respect to the Defendant's offer to forgo challenging validity based on unpatentability grounds, the Plaintiff argues that Defendant's offer would still leave a large number of invalidity arguments to be litigated.

In the instant matter, the IPR Petitions have not been granted and that any benefit from a stay is contingent upon the IPR Petitions being granted by the PTO. Nautique, 2014 WL 3866155, at *3. Until the IPR Petitions are granted, "the *inter partes* review process has some potential to clarify some of the issues in this case, but that potential is speculative at best . . ." Id. The Defendant argues that if IPR proceedings are instituted and some claims survive, there is a good chance that some claims will be cancelled or amended. Again, Defendant's argument is speculative. Moreover, as noted by Largan Prevision Co., LTD v. Fujifilm Corp., "If regardless

6

of the result of the reexamination, there are still claims or counterclaims that need to be resolved by the Court, then reexamination clearly fails to provide final resolution." No. C-10-1318, 201 WL 7494983, at *3 (N.D. Cal. Mar. 1, 2011). Finally, the Court notes that on September 2, 2016, the parties filed a Joint Stipulation [Doc. 82] reducing the number of asserted claims and asserted prior art references. The parties have already streamlined the issues in this case rendering a stay unnecessary.

In its Reply Brief, the Defendant offers to forgo challenging validity based on any of the unpatentability grounds set forth in the Petitions, if the Court grants the pre-institution stay. The Plaintiff responds that this offer would not streamline the litigation because the Defendant would retain a number of other invalidity arguments and other defenses. The Court finds Defendant's offer does not warrant staying the entire case.

### C. Stage of the Litigation

The Defendant argues that discovery is in its early stages, with the parties having exchanged written discovery, initial infringement and invalidity contentions. The Defendant asserts that no depositions or third party discovery have taken place. The Defendant argues that under these circumstances, other courts have granted motions to stay. The Plaintiff responds that the parties have engaged in extensive litigation activity and have advanced this case substantially toward trial.

The Court notes that the Complaint in this case was filed on June 29, 2015. Since that time, the parties have briefed a Motion for Summary Judgment, the District Court has denied the Motion for Summary Judgment without prejudice, the Court has issued a Scheduling Order setting this case for trial on May 1, 2017, the undersigned has issued an addendum to the Scheduling Order, and upon Defendant's requests, the undersigned has extended several

7

deadlines. As noted by the Plaintiff, discovery is proceeding. The parties have exchanged written discovery and the parties have attempted to schedule depositions.[1] The Court finds that discovery in this case is proceeding and that a delay will not be an effective use of judicial resources.

## IV. CONCLUSION

For the reasons stated above, and based on the totality of the circumstances in this case, the Court finds the Motion to Stay Case Pending *Inter Partes* Review [**Doc. 48**] to be not well-taken, and it is **DENIED.**

**IT IS SO ORDERED.**

ENTER:

_Bruce Guyton_
United States Magistrate Judge

---

[1] Moreover, it appears from recent filings [Doc. 79] that depositions are proceeding.